IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HONESTY INTERNATIONAL, LLC and YICONG LIU, | : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. 15-2745 |
| v. | : : | |
| IDEAL MOTORCARS, LLC and MARIO BIUNDO, | : : : | |
| Defendants. | : : | |

**Henry S. Perkin, M.J.**                                                                 **March 9, 2016**

## MEMORANDUM

The parties reached terms of settlement in this matter and entered into a written Settlement Agreement and Mutual Release ("Settlement Agrement") on February 17, 2016. In this action, the Plaintiffs claimed that they had paid money for the delivery of certain "high-end automobiles" and received neither the vehicles nor reimbursement of the money advanced for the purchase of the vehicles. The Settlement Agreement provided for confidentiality concerning the amount of the monetary settlement. On February 23, 2016, when the Plaintiffs did not receive the settlement funds pursuant to the Settlement Agreement, Plaintiffs filed a Motion to Enforce Settlement. See Document 33. A hearing was held on this Motion on March 9, 2016, at which time the Plaintiffs' counsel appeared on behalf of the Plaintiffs and Defendants' counsel appeared with Defendant, Mario Biundo, a principal of Defendant Ideal Motorcars, LLC.[1]

---

[1] As of the date of the hearing, the Defendants did not file an answer or response to the Motion to Enforce Settlement.

**Standard of Review**

An agreement to settle a lawsuit, which is voluntarily entered, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970); Ferranti International, PLC v. Jasin, No. CIV.A. 98-CV-5412, 2000 WL 632994, at *6 (E.D. Pa. May 5, 2000)(noting Pennsylvania courts have held even oral settlement agreements enforceable without a written document). Such a settlement is enforceable summarily, upon motion, by a district court in a case pending before it. Gross v. Penn Mutual Life Ins. Co., 396 F. Supp. 373, 374 (E.D. Pa. 1975).

It is well settled that "[a] district court has 'inherent authority to enforce agreements settling litigation before it.'" McClure v. Township of Exeter, Civ. A. No. 05-5846, 2006 WL 2794173, at *1 (E.D. Pa. Sept. 27, 2006)(quoting New Castle County v. U.S. Fire Ins. Co., 728 F. Supp. 318, 319 (D. Del. 1989)). "Provided that the evidence demonstrates that the parties reached an agreement, a district court can enforce the terms agreed upon by the parties." Id. When the parties mutually assented to the terms and conditions of the settlement at the time they made the agreement, the evidence is sufficient to support the enforcement of a settlement agreement. Wyndmoor Learning Ctr. v. City of Wilmington, No. CIV.A. 93-4217, 1996 WL 117471, at *6 (E.D. Pa. Mar. 12, 1996). "[A] settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing." Id.

From the testimony and evidence presented at the hearing, the Court makes the following:

**Findings of Fact**

The parties entered into the Settlement Agreement in order to settle this case, and the Settlement Agreement provides at paragraph two:

> 2. <u>Payment</u>.  Ideal Motorcars will pay a total settlement sum of USD $XXXXXXX[2] (the "Settlement Funds").  On the same or next business day that it executes this Agreement, Ideal Motorcars will order its bank to send the Settlement Funds by wire transfer to Fox Rothschild LLP according to payment instructions to be provided by Honesty International's counsel, and thereafter shall take no action to interfere with the completion of the wire transfer. A failure of the Settlement Funds to be realized as received in the destination account shall not be a breach of this Agreement so long as the Settlement Funds are realized as received in the destination account within five (5) business days of Ideal Motorcars' initiation of the wire transfer. The Parties incorporate by reference the deposition testimony of Biundo and Ideal Motorcars taken on January 13, 2016 regarding the source and maintenance of the Settlement Funds.

Plaintiffs contend that the Defendants breached the Settlement Agreement by not complying with the timeframe set forth in paragraph two and paying the settlement sum through a wire transfer "[o]n the same or next business day that [Ideal Motorcars] executes this Agreement . . .".  At the hearing, the parties agreed that the settlement sum was not wired in accordance with the timeframe set forth in paragraph two of the Settlement Agreement. Defendants, however, presented testimony through Defendant Mario Biundo, indicating that he initiated the wire transfer on February 18, 2016, but mistakenly added an extra zero to one of the necessary numbers to effectuate the wire transfer. The Defendants provided the Plaintiffs with a computer screenshot showing that the wire transfer had a "value date" of February 25, 2016.  Pls'

---

[2]    The settlement amount is redacted at the request of the parties pursuant to the confidentiality provisions in the Settlement Agreement.

Hrg. Ex. 3. Mr. Biundo further testified that due to his error adding an extra zero, the wire transfer was not completed and the funds were credited back to the account of Defendant Ideal Motorcars, LLC.

Mr. Biundo testified that he again initiated wire transfer of the settlement funds on March 7, 2016. Plaintiffs' counsel questioned Mr. Biundo about a computer screenshot which had been sent from Defendants' counsel to Plaintiffs' counsel showing a "value date" of March 8, 2016. Pls' Hrg. Ex. 4. Mr. Biundo testified that he initiated that transfer on March 7, 2016, not on March 8, 2016. As of March 9, 2016, on the date and at the time of the hearing on the Motion to Enforce Settlement, Plaintiffs' counsel represented to the Court that the funds had not been transferred from the account of Defendant Ideal Motorcars, LLC into the designated account of Plaintiffs' counsel.

There is no dispute that, in fact, the money was not received by Plaintiffs within the timeframe set forth in paragraph two of the Settlement Agreement. As a result, the Court finds that the Defendants are in breach of the Settlement Agreement and the Plaintiffs are entitled to an order for enforcement in accordance with the following discussion.

## Discussion

The February 17, 2016 Settlement Agreement constituted an enforceable contract. The parties mutually assented to the terms and conditions of the settlement at the time they made the agreement, therefore the terms agreed upon by the parties may be enforced. <u>Wyndmoor Learning Ctr.</u>, 1996 WL 117471, at *6. A motion to enforce settlement is governed by contract

principles.  Here, there is no dispute that an enforceable contract was entered into to settle this case. Likewise, there is no dispute that the Defendants have not fulfilled their obligations under paragraph two of the Settlement Agreement. The Plaintiffs have proposed a remedy for this breach in their proposed order attached to the Motion to Enforce by requesting that the "defendant shall immediately provide to plaintiffs a transaction receipt or other comparable evidence that they ordered the wire transfer provided in the Settlement Agreement."  The Court will enter an order consistent with the Plaintiffs' request for enforcement.

**Sanctions**

Plaintiffs also seek sanctions against Defendants in the form of a monetary payment of $2500 plus an additional sum of $500 for every day after February 23, 2016 that Defendants fail to perform under the terms of the Settlement Agreement.  Plaintiffs contend that the Court has authority to enter an order for sanctions pursuant to its inherent authority and also pursuant to 28 U.S.C. section 1927 for unreasonably and vexatiously multiplying the proceedings necessary to effectuate the settlement.

The Court will not, at this time, order sanctions against Defendants because the Defendants have not disobeyed any order of Court. Mr. Biundo testified at the hearing on the Motion to Enforce that a wire transfer of the settlement funds was initiated on March 7, 2016. The Court reserves the right to address the Plaintiffs' request for entry of sanctions against Defendants should Plaintiffs not receive the funds which are the subject of the wire transfer initiated on March 7, 2016.